UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

| | |
|---|---|
| Karen Vanessa Borjas Zuniga; Enerly Melitza Ramos, Julia Elizabeth Molina Lopez, on behalf of themselves and others similarly situated, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>Michael R. Pompeo, United States Secretary of State, in his official capacity; Kevin K. McAleenan, acting Secretary, United States Department of Homeland Security and Commissioner, United States Customs & Border Protection, in his official capacities; Carla Provost, Chief of the United States Border Patrol, in her official capacity, Rodolfo Karisch, Chief Patrol Agent-Rio Grande Valley Sector, in his official capacity, Michael J. Pitts, Field Office Director, ICE/ERO, Port Isabel Detention Center. <br>　　　　　　Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

PETITION FOR WRIT OF HABEAS CORPUS
COMPLAINANT FOR DECLARATORY AND INJUNCTIVE RELEIF
APPLCATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION

INTRODUCTION

1. Plaintiffs are citizens of Honduras and Guatemala, who are confined in a U.S. Customs and Border Protection ("CBP") facility within the Rio Grande Valley Sector of the U.S. Boarder Patrol ("Border Patrol"), a division of CBP, in Brownsville, Texas.  During their confinement, Plaintiff's have been subjected to inhumane treatment and harsh conditions. They have been packed into overcrowded facilities and denied adequate food and water, sanitation facilities, and have been detained for weeks

without access to counsel. Attorneys are not allowed to visit individuals detained at this facility. Plaintiffs bring this action challenging the harsh and unbearable conditions of the detention center holding cells where they are being detained.

2. Plaintiffs were apprehended at or near the U.S. Border with Mexico and subsequently detained. Once apprehended, individuals are often detained overnight or over multiple nights over extended periods of time – on information and belief, up to 37 days- in facilities that are overcrowded and have inadequate food and water supply, and where attorneys are not allowed to visit them. The conditions of the holding cells used by the Defendants are dangerous and inhumane.

3. Plaintiff's are currently being held in a facility which does not allow access to legal counsel, in violation of *Nunez v. Boldin*, 537 F.Supp. 578 (S.D.Tx 1982). Appeal dismissed, *Nunez v. Boldin* 692 F.2d 755 (Table) (5th Cir. 1982).

## JURISDICTION AND VENUE

4. Jurisdiction lies under 28 U.S.C. §2241 (habeas corpus); §1331 (federal question) , §2201 et. Seq. (Declaratory Relief).

5. Venue is proper in this District and all Defendants are sued in their official capacity. All events giving rise to the Complaint occurred within this judicial District.

## THE PARTIES

7. Enerly Melitza Ramos was born in Guatemala, on February 3, 1999 and is a citizen of Guatemala by birth. She is currently detained at an unknown facility in the Rio Grande Valley Sector of CBP. On information and belief, she is detained in Brownsville, Texas.

6. Karen Vanessa Borjas Zuniga was born in Honduras, on May 13, 1984 and is a citizen of Honduras by birth. She is currently detained at an unknown facility in the Rio Grande Valley Sector of CBP. On information and belief, she is detained in Brownsville, Texas.

8. Julia Elizabeth Molina Lopez was born in Honduras, on September 27, 1989 and is a citizen of Honduras by birth. She is currently detained at an unknown facility in the Rio Grande Valley Sector of

CBP.  On information and belief, she is detained in Brownsville, Texas.

9. Defendant Michael R. Pompeo is the duly appointed United States Secretary of State, and is sued in his official capacity only.

10.  Defendant Kevin K. McAleenan is the duly appointed acting Secretary of the United States Department of Homeland Security and duly appointed Commissioner of the United States Customs and Border Protection, and is sued in his official capacity only.

11. Defendant Carla Provost is the duly appointed Chief of the United States Border Patrol, and is being sued in her official capacity only.

12. Defendant Rodolfo Karisch is the the duly appointed Chief Patrol Agent – Rio Grande Valley Sector and is being sued in his official capacity only.

13. Defendant Michael J. Pitts is the duly appointed Field Office Director – Port Isabel Service Detention Center -ICE/ERO and is being sued in his official capacity.

## FACTS

12. Plaintiffs are civil detainees confined in a U.S. Customs and Border Protection ("CBP") facility within the Rio Grande Valley Sector of the U.S. Boarder Patrol ("Border Patrol"), a division of CBP. On information and belief, they detained in Brownsville, Texas, over two weeks ago. During their confinement, Plaintiff's have been subjected to inhumane treatment and harsh conditions. They have been packed into overcrowded facilities and denied adequate supplies of food and water, and sanitation facilities.  They have also been denied access to counsel, for lengthy periods.  Plaintiffs bring this action to seek relief from the harsh and unbearable conditions of the detention center in the Rio Grande Valley Sector of CPB, and access to counsel.

13. Plaintiffs were apprehended at or near the U.S. Border with Mexico and subsequently detained. Once apprehended, individuals are often detained overnight or over multiple nights over extended periods of time – on information and belief, up to 37 days- in facilities that are overcrowded and have inadequate food and water supply, and sanitation facilities.  The conditions of these holding cells used

by the Defendants are dangerous and inhumane.

14. Plaintiff's are currently being held in a facility which does not allow access to legal counsel. On information and belief, they have been so deprived of basic human necessities that they have involuntarily signed documents, the contents of which they are unaware, in the hopes that they will be transferred out.

## CAUSES OF ACTION

## HABEAS CORPUS

15. Plaintiffs herewith adopt and incorporate by reference the allegations of paragraph 1-14 above.

16. The deprivation of rights resulting from Plaintiffs' extended detention, without access to counsel, in overcrowded holding cells and deprivation of an adequate supply of food and water constitute a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, giving rise to a cause of action under the Administrative Procedures Act, 5 U.S.C. §702 et seq. Plaintiffs are also not allowed to communicate with legal counsel. In so doing, often times detained individuals are forced or coerced into signing documents which may relate to their voluntary departure or removal from the United States without adequate screening regarding potential fear of return to their native countries and lack of notification regarding their right to apply for political asylum. Similar restrictions on access to counsel have been held to be "unduly restrictive" and such actions can amount to "intimidation" which is a "violation of fundamental law." *Nunez v. Boldin*, 573 F.Supp.578 (SD Tex. 1982). The deprivation of rights also cause the resulting custody to be in

violation of the laws of the Constitution of the United States such that they are cognizable in habeas corpus, 28 U.S.C. § 2241.

## REQUEST FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUCNTION

17. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1- 16 above.

18. Plaintiffs are entitled to a Temporary Restraining Order, restricting Defendants from changing their

custody status or removing them from the United States, since Plaintiffs have been denied access to legal counsel. *See,* 8 U.S.C. § 1252(f). Plaintiffs are also entitled to preliminary and permanent injunction. The actions of Defendants in detaining Plaintiffs for extended periods of time in overcrowded holding cells with an inadequate supply of food and water without access to legal counsel is unconscionable, and violates both procedural and substantive due process.

## PRAYER FOR RELIEF

WHEREFOR, it is urged that this Honorable Court issue a Temporary Restraining Order, restraining and enjoining Defendants from physically removing Plaintiffs from the United States or otherwise changing their custody status.

It is further urged that the Court set the case for a hearing on the motion for preliminary injunction at the Court's earliest convenience.

It is also urged that the Court hold unlawful and set aside the action of Defendants in holding Plaintiffs in overcrowded holding cells for extended periods of time with an inadequate supply of food and water and without access to appropriate sanitary facilities, or to legal counsel, on the grounds that said actions were contrary to the law, to wit, in violation of Due Process; and contrary to the Constitution.

It is further urged that the Court grant such order and further relief as the Court deems appropriate and just, including an award of court costs and attorneys fees.

Respectfully submitted,

s/ Manuel Solis, Attorney
P.O. Box 230529
Houston, Texas